# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MICHAEL ROBINSON, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:12cv272 |
| v. | ) |
| | ) |
| CAROLYN COLVIN, | ) By: Michael F. Urbanski |
| Acting Commissioner of Social Security, | ) United States District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter comes before the court on plaintiff Michael Robinson's objections to the Report and Recommendation of the magistrate judge. Specifically, Robinson objects to the magistrate judge's ruling that: (1) he does not meet or equal Listing § 1.02; and (2) new evidence from Dr. Alan M. Katz is not material and would not have changed the administrative law judge's ("ALJ") disability determination. For the reasons stated herein, the court **REJECTS** the magistrate judge's report and recommendation, **GRANTS IN PART** the plaintiff's motion for summary judgment, **DENIES** the Commissioner's motion for summary judgment, **REVERSES** the Commissioner's disability determination, and **REMANDS** the case for further administrative consideration pursuant to sentence four of 42 U.S.C. § 405(g).

## I.

Robinson filed an application for disability benefits on May 15, 2008, alleging a disability onset date of January 6, 2007. The Commissioner denied his application for benefits initially and again on reconsideration. An administrative hearing was held on December 8, 2010. In a decision issued on February 15, 2011, the ALJ determined that Robinson had severe impairments consisting of lower back pain, mild depression, hearing loss, and borderline intellectual functioning. (Administrative Record, hereinafter "R." 19.) Considering these

impairments, the ALJ found that Robinson retained the residual functional capacity ("RFC") to perform a range of sedentary work with the following limitations: (1) the work may not require fine hearing skills or frequent communication via verbal or written language; (2) the work must involve simple, routine, repetitive work tasks; (3) he should avoid work with excessive background noise; (4) he must have the option to sit or stand at will; (5) he must not be required to use left foot controls; (6) he cannot crawl, kneel, or climb ropes, ladders, or scaffolds; and (7) he should avoid extreme cold temperatures, wetness, humidity, hazards, and heights. (R. 23.) Further, Robinson could only occasionally balance, stoop, crouch, and climb ramps and stairs. (R. 23.) The ALJ found that Robinson did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments.[1]

Based on this RFC, the ALJ determined that Robinson was incapable of returning to his past relevant work, but that he could perform jobs as an assembler or material handler, both of which exist in significant numbers in the national economy. Thus, the ALJ concluded that Robinson was not disabled under the Social Security Act.[2] The Appeals Council denied plaintiff's request for review and this appeal followed.

This matter was referred to the magistrate judge for proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties filed cross motions for summary judgment and supporting memoranda, and the magistrate judge issued his report and recommendation on August 20, 2013, which recommends that the final decision of the Commissioner be affirmed. Robinson filed written objections to the report and recommendation, to which the Commissioner responded.

---

[1] A "listed impairment" is one considered by the Social Security Administration "to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a).

[2] However, a subsequent favorable decision was issued by a different ALJ, finding Robinson disabled as of February 15, 2011.

2

## II.

Pursuant to the Federal Rules of Civil Procedure, the court reviews *de novo* any part of a magistrate judge's recommendation to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id. The Commissioner's factual findings must be upheld if they are supported by substantial evidence and were reached through application of the correct legal standard. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545. Any conflicts in the evidence are to be resolved by the Commissioner (or his designate, the ALJ), not the courts, and it is immaterial whether the evidence will permit a conclusion inconsistent with that of the ALJ. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). The court may not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). However, determining whether the evidence presented by the ALJ to support his decision amounts to substantial evidence is a question of law and will be considered anew. Hicks v. Heckler, 756 F.2d 1022, 1024-25 (4th Cir. 1985) (abrogated on other grounds by Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988)).

Furthermore, "ALJs have a duty to analyze 'all of the relevant evidence' and to provide a sufficient explanation for their 'rationale in crediting certain evidence.'" Bill Branch Coal Corp. v. Sparks, 213 F.3d 186, 190 (4th Cir. 2000) (citations omitted). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Thus, judicial review may prove impossible, and remand necessary, where: (1) the ALJ "fail[s] to make requisite findings or to articulate the bases for his conclusions," id.; and (2) the record provides an inadequate explanation of the Commissioner's decision, Meyer v. Astrue, 662 F.3d 700, 707 (citing DeLoatche, 715 F.2d at 150) (explaining that judicial review is possible so long as the record provides an adequate explanation of the Commissioner's decision).

**III.**

Robinson argues that the magistrate judge erred in finding that the ALJ's conclusion that Robinson did not meet or equal Listing § 1.02 was supported by substantial evidence.[3] Robinson states that the ALJ "should have considered whether a combination of the claimant's knee pain and foot pain and back pain functionally were equivalent to the listing" and further that the ALJ failed to perform "any significant analysis of whether Robinson met a musculoskeletal listing."[4]

---

[3] Listing § 1.02 Major dysfunction of a joint(s) due to any cause:
    Characterized by gross anatomical deformity (e.g. subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s) with:
        A. Involvement of one major peripheral weight-bearing joint (i.e. hip, knee, or ankle), resulting in an inability to ambulate effectively, as defined in 1.00B2b.

1.00B2b(2) provides, in part, that "to ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living." As an example of ineffective ambulation, the listing references "the inability to walk a block at a reasonable pace on rough or uneven surfaces."

[4] Robinson suffered from congenital abnormalities at birth, consisting of a left club foot and hypogonadism. Robinson states "…it is difficult to understand how the ALJ could have stated that the club foot was not a severe impairment."

4

Robinson also argues that remand is warranted pursuant to sentence six of 42 U.S.C. § 405(g) because the magistrate judge erred in finding that new evidence from Dr. Katz was not material, and would not have changed the ALJ's decision.

In support of his argument regarding Listing § 1.02, Robinson points to Dr. Humphries' finding from a post-hearing physical evaluation performed on January 7, 2011. Dr. Humphries found that Robinson could not walk a block at a reasonable pace on rough or uneven surfaces. (R. 373.) The inability to walk a block at a reasonable pace on rough or uneven surfaces is listed as an example of "an inability to ambulate effectively," as set out in Listing § 1.02.

The magistrate judge dismissed this argument, as follows:

> …Dr. Humphries' finding that Robinson cannot walk a block at a reasonable pace on rough or uneven surfaces is undermined by other evidence in the record, including his own report. Dr. Humphries found that Robinson could 'climb a few steps at a reasonable pace with the use of a single hand rail and stand and walk for thirty minutes at a time, for up to two hours in an eight hour workday.'

(Dkt. 21, at 11-12.) Further, the magistrate judge determined that Dr. Humphries' finding regarding difficulty walking was "based upon Robinson's subjective complaints of back and knee pain" and held that "Robinson cannot combine his back or knee pain with his foot and ankle deformity in order to meet or equal the Listing." The magistrate judge noted that "complaints of pain not involving an anatomical deformity of a major peripheral weight-bearing joint cannot be combined with such deformity in order to meet Listing § 1.02." (Dkt. 21, at 12.) However, even if an impairment does not meet the listing criteria, it can still satisfy the listing if the impairment medically equals the criteria. See 20 C.F.R. § 416.926(a)-(b); Social Security Ruling ("SSR") 83-19, 1983 SSR LEXIS 24 (an impairment is "equivalent" to a listing only if a claimant's symptoms, signs, and laboratory findings are "at least equivalent in severity" to the criteria for the listed impairment most like the claimant's impairment).

5

At step three of the sequential evaluation process, the ALJ is charged with determining whether a claimant's impairments meet or equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, App'x 1. See SSR 96-6p, 1996 SSR LEXIS 3. An impairment or combination of impairments is medically equivalent to a listed impairment if it is at least equal in severity and duration to the criteria of any listed impairment. 20 C.F.R. §§ 404.1526(a), 416.926(a). It is plaintiff's burden at step three to establish that he meets or medically equals a listed impairment. See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992).

Robinson has pointed to specific evidence ignored by the ALJ regarding his inability to walk effectively, which could have yielded a different result regarding Listing § 1.02. The ALJ, in his discussion at step three of the five step sequential disability analysis, states that Robinson's "…musculoskeletal impairment does not result in an inability to ambulate effectively as defined in the Listing § 1.02A" and also that "[Dr. Humphries] indicated upon physical examination that the claimant exhibited no acute deficits in ambulation, strength, or musculoskeletal…capacity." (R. 16, 19.) The ALJ further found that none of Robinson's "treating or examining physicians of record has reported any of the necessary clinical, laboratory, or radiographic findings specified [in a Listing]." (R. 19)

The ALJ does not specifically discuss Dr. Humphries' January 7, 2011 finding that Robinson could not "walk a block at a reasonable pace on rough or uneven surfaces" anywhere in his decision.[5] See Fischer-Ross v. Barnhart, 431 F.3d 729, 733 (10th Cir. 2005) ("[A]n ALJ's

---

[5] In the beginning of his decision, the ALJ generally references a February 7, 2011 letter from Robinson's counsel, "requesting an issuance of a favorable determination based on [counsel's] perceived diagnosis in [Dr. Humphries'] evaluation." The ALJ indicates he:
>considered [counsel's] request…[h]owever, the rational provided by [Robinson's counsel] is not persuasive, as it is based on the notations by [Dr. Humphries'] recording of [Robinson's] subjective history and medical complaints. Further, [Dr. Humphries'] indicated upon physical examination that the claimant exhibited no acute deficits…in musculoskeletal…function…and opined [Robinson] would retain the physical capacity to perform a range of work activity with accommodations….

findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment."); see also Smith v. Astrue, 457 F. App'x 326, 328 (4th Cir. 2011) (citing Fischer-Ross). In fact, the ALJ writes, "I note the medical evidence does not reveal a diagnoses [sic] of acute musculoskeletal abnormalities such as loss of function, including the inability to ambulate effectively on a sustained basis for any reason." (R. 19.) Thus, it is unclear from the ALJ's decision whether he even considered Dr. Humphries' finding regarding Robinson's difficulty in walking, in determining that Robinson's impairments were not of listing level severity.

If the ALJ discounted Dr. Humphries' finding regarding difficulty ambulating because, for example, it conflicted with Dr. Humphries' finding that Robinson could stand and walk for two hours in an eight hour work day, he should have so stated. The ALJ must consider all evidence in the record when making a determination, including all objective medical evidence, medical signs, and laboratory findings. 20 C.F.R. § 404.1520(a)(3); 20 C.F.R. § 404.1512(b); 20 C.F.R. § 404.1513. A discussion of the relevant evidence elsewhere in the ALJ's opinion may demonstrate that, regardless of an imprecise discussion at step three, the ALJ fully and properly considered all the relevant evidence in his step three analysis.[6] However, as indicated previously, the ALJ did not expressly discuss Dr. Humphries' finding regarding Robinson's difficulty ambulating in his decision.

---

(R. 16.) The oblique reference to "notations" by Dr. Humphries does not provide sufficient explanation of the ALJ's consideration of Dr. Humphries' findings regarding Robinson's inability to walk a block at a reasonable pace on rough or uneven surfaces, in order to permit meaningful judicial review.

[6] "[R]emand is not warranted . . . 'where it is clear from the record which [L]isting . . . was considered, and there is elsewhere in the ALJ's opinion an equivalent discussion of the medical evidence relevant to the [s]tep[t]hree analysis which allows [the reviewing court] readily to determine whether there was substantial evidence to support the ALJ's [s]tep [t]hree conclusion.'" Dunford v. Astrue, Case BPG-10-0124, 2012 U.S. Dist. LEXIS 13137, 2012 WL 380057, at*3 (D. Md. Feb. 3, 2012) (quoting Schoofield v. Barnhart, 220 F.Supp.2d 512, 522 (D.Md. 2002)); see also McCartney v. Apfel, 28 Fed. App'x 277, 279 (4th Cir. 2000) (Affirming where the ALJ not only examined the medical evidence relevant to the Listings at step four, but also did so in a manner which tracked the requirements of the step three Listings analysis).

Upon remand, the ALJ should fully and completely consider the relevant medical evidence of record as to whether Robinson met or equaled the requirements of Listing § 1.02, including Dr. Humphries' January 7, 2011 finding regarding difficulty ambulating, and provide a sufficiently detailed explanation of his decision as to permit meaningful judicial review. At the end of the day, Dr. Humphries' finding that Robinson could not walk a block at a reasonable pace on rough or uneven surfaces may not change the ALJ's decision. However, this finding ought to have been specifically considered by the ALJ.[7] Because the court finds that the ALJ failed to properly apply the five-step sequential analysis to evaluate Robinson's disability claim, it is not necessary to address his other assignment of error.

## IV.

For the foregoing reasons, an order will be entered rejecting the report and recommendation and remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration as set forth above.

An appropriate Order will be entered.

Entered: March 26, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[7] Additionally, on remand, the ALJ should consider the January 24, 2012 neuropsychological evaluation of Dr. Alan M. Katz.